# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE, SR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2318 | **DATE** | 5/21/04 |
| **CASE TITLE** | Samuel Brent Marzette III (N-20747) v. Roger E. Walker Jr. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for leave to file *in forma pauperis* is granted. Plaintiff's claim of retaliation is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. Plaintiff's claims as to the loss of his property are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, terminating case. Any other pending motions are denied as moot. The court orders the trust fund officer at plaintiff's current place of incarceration to deduct $11.50 from plaintiff's account for payment to the clerk of court as an initial partial filing fee and to make further deductions from plaintiff's account and payments to the clerk of court as stated on the reverse of this order. A copy of this order shall be sent to the trust fund officer at Menard Correctional Center. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 24 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | 6- | 9 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CLH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL BRENT MARZETTE III, | ) | DOCKETED |
| Plaintiff, | ) ) ) | MAY 2 4 2004 |
| v. | ) ) | CASE NO. 04 C 2318 |
| ROGER E. WALKER, JR., et al. | ) ) ) | JUDGE NORGLE |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The court finds that plaintiff, Samuel Brent Marzette III, a prisoner confined at Menard Correctional Center, is unable to prepay the filing fee. The court grants plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $ 11.50 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where plaintiff is confined is directed to collect monthly payments from plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $150 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Fiscal Dept., and shall clearly identify plaintiff's name and the case number assigned to this action.

Under 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

## I. Background Facts

Plaintiff alleges that from June 26, 2003, until September 25, 2003, he was placed in the Stateville Correctional Center Disciplinary Housing Unit-I. Plaintiff made numerous verbal and written complaints about the conditions in segregation.. On September 10, 2003, Officer Didier ordered plaintiff to cuff up and took him to Assistant Warden Catchings's office. Assistant Warden Catchings asked plaintiff why he filed so many grievances. When Officer Didier returned plaintiff to his cell he told plaintiff that if he did not stop complaining that things could get bad.

On November 9, 2003, Officer Didier came to plaintiff's cell and told him to turn over all his personal and legal property so that it could be inventoried and packed for transfer to Menard Correctional Center. Plaintiff gave Officer Didier two sets of criminal trial transcripts, No. 84 C 011440-02, three appellate court appeal briefs, 14 affidavits, one set of police investigation reports, one arrest warrant, one set of statements by witnesses, one drug history and criminal background report, one set of hospital reports, one copy of the coroner's report, one copy of co-defendants' arrest warrant and police investigation report. Plaintiff also gave Officer Didier legal documents that were newly-discovered evidence that would show his actual innocence and numerous photographs. Officer Didier told an inmate worker to take the box and then moved plaintiff to the transfer wing.

Another inmate told plaintiff that he saw plaintiff's box with three inmate workers and no

prison officials around. The box was open and it looked as if the contents were mixed up. When plaintiff complained to Officer Didier, he told him that plaintiff's property had been taken out of the box and put into an assigned property box for transfer to Menard. When plaintiff picked up his property at Menard, he discovered that many of his legal documents and other personal property were missing. Plaintiff filed a grievance. Plaintiff was reimbursed $41.48 for the loss of his personal items; however, he was not reimbursed for the loss of the photos or the transcripts because the cost for these items could not be determined.

Plaintiff seeks to have his legal documents and photos returned and $ 4 million in compensatory and punitive damages.

## II. Discussion

Plaintiff appears to be making three claims: (1) that he was retaliated against for filing grievances; (2) that the loss of his personal property violated his rights under the Due Process Clause of the Fourteenth Amendment; and (3) that the loss of his legal documents violated his First Amendment right to access to the courts.

### A. The Retaliation Claim

Plaintiff claims that his personal property was mishandled in retaliation for the grievances he filed. Plaintiff states that he has exhausted his administrative remedies by filing a grievance on November 11, 2003, and appealing it through the Administrative Review Board. He attached copies of his grievance (Exhibit 3) and the responses to this grievance (Exhibits 4 and 9). The court has

carefully reviewed plaintiff's grievance and the responses. Nowhere in this grievance does plaintiff state that anyone retaliated against him in any way for filing grievances.

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violations based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

The Seventh Circuit addressed the issue of the procedures a prisoner must follow when using the administrative process in *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002) and stated:

> [U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. Any other approach would allow a prisoner to 'exhaust' state remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem--or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner.

The internal administrative grievance system of the Illinois Department of Corrections is set out in the Illinois Administrative Code (20 Ill. Admin. Code § 504). Inmates must follow these procedures: (1) The inmate must first attempt to resolve the situation through his counselor; (2) If the situation remains unresolved, he may file a written grievance 60 days after the discovery of the incident, occurrence, or problem which gives rise to the grievance. Upon completion of an investigation by the grievance officer, the conclusions, and, if necessary, recommendations, are

forwarded to the Chief Administrative Officer; (3) If the inmate does not believe the situation is resolved, he may appeal to the Director of the IDOC. The Administrative Review Board as the Director's designee reviews the appeal of the grievance and determines whether a hearing is necessary; (4) The Administrative Review Board forwards its decision and any recommendations to the Director or other designee, who makes a final determination.

For those situations in which an inmate claims that he has been subjected to retaliation, Section 504.810(e) provides:

> e) Disciplinary action or reprisals may not be taken against a committed person solely for using the grievance procedure. A committed person may submit a grievance alleging that a reprisal has been made against him.

20 Ill. Admin. Code § 504.810(e).

Plaintiff made no mention of any alleged retaliation in his grievance. He cannot add this claim in a lawsuit by trying to made it a part of his other claims without first exhausting his administrative remedies.

Plaintiff's claim that his property was mishandled or lost in retaliation for his filing grievances is accordingly dismissed without prejudice for failure to exhaust administrative remedies. If after he exhausts his administrative remedies, plaintiff decides to file another action in regard to this claim, he should consider carefully the merits of his claim. If his claim is found to be frivolous, malicious, or fail to state a claim, the action will be counted as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

## B. The Loss of Personal Property

It is unclear whether plaintiff is claiming that his property was intentionally destroyed or lost. Nonetheless, his due process claim fails. When an inmate's property has been intentionally destroyed by prison officials and the state provides an adequate post-deprivation remedy, the inmate has no § 1983 claim. *Hudson v. Palmer*, 468 U.S. 517, 534-36 (1984). Plaintiff has already been compensated through the administrative process for part of his property. He therefore has been provided all the process that he is due. *Stewart v. McGinnis*, 5 F.3d 1031, 1036-37 (7th Cir. 1993). To the extent that plaintiff contends that his papers were lost, as opposed to being purposefully taken or destroyed, he does not state a claim. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (a negligent act of an official causing unintended loss to life, liberty, or property does not violate the Due Process Clause).

## C. The Loss of Legal Documents

Plaintiff alleges that he was denied access to the courts because his criminal trial transcripts and other legal papers were lost. Prisoners have a constitutional right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, in order to state a claim, a prisoner must demonstrate that the deprivation he suffered hindered his efforts to pursue a legal claim and resulted in actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (an injury exists, for example, where inadequacies at the law library might cause a plaintiff's complaint to be dismissed for failure to satisfy some technical requirement, or where he was unable even to file a complaint).

The court has not discerned any way in which plaintiff was prejudiced by the loss of these transcripts and other legal documents. According to plaintiff's Exhibit A-1, he filed a petition for

a writ of habeas corpus in regard to 84 C 011440-02 in the Circuit Court of Cook County, which was dismissed as without merit on November 21, 2001. Plaintiff filed a Notice of Appeal on December 20, 2001. The state appellate defender was appointed and free transcripts were ordered on December 28, 2001. Plaintiff did not provide and the court has not located any information as to the status of this appeal. Nonetheless, it appears that these transcripts pertain to a conviction that became final sometime in the 1980s or early 1990s. The time for plaintiff to file either a post-conviction petition in state court or a petition for habeas corpus in federal court has long since expired. Accordingly, plaintiff has not shown actual injury in regard to the loss of these transcripts and other legal materials.

### III. Conclusion

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). If he wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Rule 4(a)(4), Fed.R.App.P. If he does so, he will be liable for the $255 appellate filing fee. Unless he is granted leave to proceed *in forma pauperis*, he will have to pay the fee immediately. If he cannot do so, the appeal will be dismissed, but he will remain liable for the fee and it will be deducted from his inmate trust fund account in installments. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If this court finds that appeal is not taken in good faith, and the Court of Appeals agrees, he will not be permitted to proceed *in forma*

*pauperis* and pay the fee in installments, but will have to pay the fee immediately or the appeal will be dismissed. 28 U.S.C. § 1915(a)(3). To avoid a finding that the appeal is not taken in good faith, a motion to proceed *in forma pauperis* on appeal should explain the grounds for the appeal. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999); Fed. R. App. P. 24(a)(1)(C).

IT IS SO ORDERED.

_____
CHARLES R. NORGLE, SR., Judge
United States District Court

DATED: 5-18-04